**Arlington**

BETTY H. SHAUGHNESSY

v.

BLAND E. SHAUGHNESSY

No. 0233-85

Argued June 18, 1985

Decided October 15, 1985

COUNSEL

Conrad C. Lewane (Lewane and Armstrong, on brief), for appellant.

Randolph P. Tabb, Jr. (Taylor, Hazen, Kauffman & Lipscomb, on brief), for appellee.

OPINION

**DUFF, J.**—Bland E. Shaughnessy (husband), appellee, filed a bill of complaint against Betty H. Shaughnessy (wife), appellant, seeking a divorce on the grounds that the parties had lived separate and apart without cohabitation for a period of more than one year. The wife answered and filed a cross-bill alleging adultery, willful desertion, reasonable apprehension of bodily hurt and cruelty. In her cross-bill, the wife asked for spousal support, or that her right be reserved to petition therefor in the future, for equitable distribution of marital property, a lump sum payment, and an award of attorney's fees. The husband answered and filed an amended bill of complaint alleging constructive desertion and mental cruelty.

After extensive *ore tenus* hearings, the chancellor entered a decree denying both parties' prayers for a fault divorce but granting the husband's prayer for a no-fault divorce. No decision was made

regarding the wife's prayer for equitable distribution, but the decree retained the case on the docket, with leave to either party to proceed for the remaining relief prayed for in their respective bills.

The appeal presents the following issues: (1) whether the trial court erred in denying the wife a divorce on the grounds of cruelty and reasonable apprehension of bodily hurt; (2) whether the trial court erred in denying the wife a divorce on the grounds of adultery; and (3) whether the trial court exceeded its authority under Code § 20-107.3 when it failed to determine the equitable distribution of the property even though the wife specifically requested it to do so, and, over the wife's objection, ordered that the case be retained on the chancery docket, with leave to either party to proceed for the remaining relief requested in their respective bills.

The evidence showed that the parties were married May 19, 1956, and cohabited as man and wife, except for two brief separations, until February 18, 1982. Three children born of the union were all emancipated at that time. The wife, employed by C & P Telephone Company, earned a gross annual salary of approximately $13,000 in 1984. The husband, employed by the Richmond City Fire Bureau as assistant chief, earned a gross annual salary of approximately $33,447 in 1984.

It is not disputed that the marriage began to deteriorate sometime in 1980 when the husband started working an office job where he became friends with another woman, a secretary in the office. He testified that his relationship with this woman was the source of constant accusations on the part of his wife. The wife testified that when she tried to discuss her husband's relationship with the other woman, he became very angry.

No useful purpose would be served by detailing the evidence introduced in support of the wife's claim of cruelty and apprehension of bodily harm. Much of that evidence was denied or an explanation was offered by the husband. In some instances, he placed blame for the altercations on his wife. He testified that she did not want a divorce but that she was not willing to work out their problems. The trial court specifically found the husband's testimony to be more credible than the wife's, and held that some of their confrontations were the fault of the wife. Under familiar principles, we may not disturb the findings of the chancellor where

they are supported by credible evidence. *Lapidus* v. *Lapidus*, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984); *Clark* v. *Clark*, 209 Va. 390, 395, 164 S.E.2d 685, 689 (1968). This basic rule of appellate review applies even though the reviewing court might have come to a different conclusion. There being credible evidence, albeit in conflict, in support of the findings, there was no error in the court's ruling on this aspect of the case.

With respect to the wife's charge of adultery, we reach a similar conclusion. There was evidence of circumstances that gave rise to reasonable suspicion of adultery. However, the husband offered explanations, other than adultery, that the trial court specifically found to be satisfactory. Again, we cannot disturb the findings of the chancellor where they are supported by credible evidence, and we affirm the chancellor's holding.

During the course of the *ore tenus* hearing, evidence was presented pursuant to Code § 20-107.3, and the wife moved for a determination of the equitable distribution of the marital property. The wife assigns error to the court's refusal to do so, contending that ample evidence had been introduced to enable such a determination to have been made. We agree.

At the conclusion of the case, the chancellor urged the parties to attempt to settle their property differences. It appears that the husband had submitted a written offer of settlement to his wife, the terms of which were unsatisfactory to her. The court agreed to enter the final decree of divorce only upon receiving assurances that the offer made by the husband would remain open for two and one-half years. The consideration making the offer irrevocable during that period was that the wife not further petition the court for an equitable distribution of the property. In the event of such a petition, the offer would be considered revoked.

The record does not reflect that the wife or her counsel ever agreed to such a procedure. However, the court entered the final decree and directed the husband's counsel to send a notarized copy of the offer to the court where it would be placed in the file, sealed, and not opened except by court order.

Although the chancellor's efforts at encouraging settlement in this type of litigation are understandable, we believe that sufficient evidence had been introduced for him to have made a decision

without further delay. The record reflects evidence of the following: (1) real estate assessment of the marital home; (2) mortgage balance on the marital home; (3) marital property jointly owned; (4) monetary contributions to the family by the wife and the husband; (5) income withheld from the family by the wife and the husband; (6) present value of pension or retirement benefits; (7) vested pension of the husband in Retail Clerks Unions and Employers Pension Plan; (8) duration of the marriage, May 19, 1956, to November 17, 1984; (9) separate property of the wife and the husband; (10) debts and liabilities of the wife, the basis for such liability, and property serving as security for the liabilities; (11) debts and liabilities of the husband; and (12) liquid and nonliquid character of all marital property.

Testimony established the ages and physical and apparent mental conditions of the parties, as well as the circumstances and factors that contributed to the dissolution of the marriage.

Because ample evidence was introduced and equitable distribution was requested in the wife's cross-bill, we are of the opinion that the issue should have been determined, and it was an abuse of discretion for the court to have refused to do so. Nor is it of moment that the final decree gave her the right to petition for this relief at any time. We do not believe that she should be put to the cost of additional litigation to obtain a ruling that she had already requested where there was sufficient evidence already on the record.

In *Parra v. Parra*, 1 Va. App. 118, ___ S.E.2d ___ (1985), decided this date, another panel of this court recognized the authority of the trial court to reserve a determination of equitable distribution until after entry of the final decree. However, under the peculiar facts of this case, we believe the court abused this authority. Accordingly, this aspect of the decree is reversed, and the case is remanded with directions that the chancellor respond to the prayer for equitable distribution.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Hodges, J., and Moon, J., concurred.