## Richmond

### DAVID JAMES ROANE, SR.

v.

### PEGGY MAREK ROANE

No. 0756-90-2

Decided July 23, 1991

COUNSEL

Lawrence D. Diehl (Marks & Harrison, on brief), for appellant.

No brief or argument for appellee.

OPINION

BAKER, J.—In this appeal from a divorce decree entered on April 11, 1990, by the Circuit Court of the City of Colonial Heights (trial court), David James Roane, Sr. (husband) alleges that the trial court erred when it declared stock in Dave's Cabinet Shop, Inc. (the corporation), which was registered in husband's name only, to be marital property and awarded Peggy Marek Roane (wife) twenty percent of the value of the stock. Husband was the sole owner of the corporation and asserts that wife made no contribution to the appreciated value of the stock. He attributes the increase to the "growth of the housing industry" and a Small Business Administration (SBA) loan which infused capital into the corporate business permitting it to expand.

Pursuant to *Smoot v. Smoot*, 233 Va. 435, 357 S.E.2d 728 (1987),[1] the trial court held that wife's non-monetary contributions to the appreciated value of the stock transmuted it from separate property to marital property.

---

[1] The parties separated on September 15, 1987 and suit was instituted on October 19, 1987, thus, this case is controlled by statutes in force prior to the July 1, 1990 amendments.

Husband first invites the Court of Appeals to overrule *Smoot*. We are in accord with the findings of that case, but if we were not we are without authority to overrule the Supreme Court of Virginia. In addition, he asserts that even under *Smoot*, the evidence in this record is not sufficient to support the trial court's decision to classify the stock as marital property. Husband further presents several sub-issues arising out of the trial court's classification of the stock: (1) whether wife's contributions to the increased value were significant; (2) whether wife is foreclosed from asserting that transmutation occurred; (3) whether husband's intent not to give wife an interest precludes her from making the claim; and (4) whether her efforts contributed to the appreciated stock value.

As in many divorce cases, the Roanes' suit involved a great deal of testimony, exhibits, memoranda and various orders. Two of the orders pertinent to this appeal were entered on July 25, 1989 and October 24, 1989, respectively. The first order set deadlines for discovery, taking of depositions and submission of memoranda of fact and law, all to be completed by September 30, 1989. The second order extended the time for filing memoranda of fact and law to October 30, 1989. No provision was made for filing rebuttal letters.

Husband filed a memorandum on October 30, 1989. Wife responded with a memorandum filed on November 2, 1989, in which she stated, among other things, that "new evidence of vital importance had just been discovered which directly contradicts the testimony of *both* parties and supports one of the basic factors quoted by the appellate courts as proving transmutation." Her memorandum included two items which were labeled, respectively, Exhibit W-A (a SBA guaranty) and Exhibit W-B (a deed of trust on property titled only in husband's name). She requested the trial court to consider those exhibits or if, in the alternative, the trial court felt they were not in compliance with its deadline order, to permit her to take further depositions to enable the documents to be included in the record. The trial judge did not rule on wife's request. Instead, the trial judge wrote to the wife's counsel the following:

I have your letter under date of December 1, 1989, with reference to the above-styled matter and specifically concern-

ing the letter from [husband's counsel] taking exceptions to some of the points made in your memorandum.

My plan is to review the matter in accordance with the provisions of my letter without regard to comments made by either side on the memorandums filed by each side. If I feel that I must consider a rebuttal letter of your memorandum, I will give you an opportunity to respond to [husband's counsel's] memorandum.

The clear import of the judge's letter is that the memoranda from both parties were accepted. However, the trial judge issued a letter opinion several months later without having ruled upon the request to allow additional evidence which would prove that *both* parties had incorrectly (and possibly inadvertently) testified concerning a central issue before the trial judge.

Apparently, the trial judge did not consider the exhibits because in his February 23, 1990 opinion letter to counsel he wrote: "As evidence of [the corporate stock being separate property] husband points to the fact that . . . wife was never obligated on any loans to the corporation." In his brief filed with this Court, counsel for husband states as a fact that "Mrs. Roane [wife] never . . . guaranteed any corporate loans, notes or obligations." Wife's memorandum was filed three days after the time limit set by the trial court; however, this three-day delinquency could not have been of any significance to the trial court because the final decree was not entered until later. Moreover, it appears that the trial judge may have accepted the memorandum even though it was filed three days late.

During his deposition, husband placed in evidence copies of the SBA Authorization and Loan Agreement (H-20) but failed to disclose the guaranty and deed of trust which, if the proffered evidence (W-A and W-B) is genuine, appear to have been required by the SBA and may have shown substantial participation by wife in the procurement of the $222,000 loan. The note, apparently secured by the guaranty and deed of trust, was not included with the authorization and loan agreement; however, it had little significance to the transmutation issue because it only evidenced the loan to the corporation. The same may not be said of the guaranty, which provides that it was executed "to induce Small Business Administration . . . to make a loan . . . to Dave's Cabinet

Shop, Inc." and was an unconditional guarantee of payment of a "note" of even date in the sum of $222,000.[2] The deed of trust conveyed to the trustee real property titled only in the name of husband; however, it transferred any interest wife may have had therein by dower, equitable distribution, or otherwise, and secured the $222,000 guaranty.

Husband introduced the issue as to whether wife made any significant contribution to the appreciated value of the stock. He asserted that wife did not participate in procurement of the SBA loan, and that the loan, not wife's contribution, was a major reason the stock increased in value. In view of his assertion that she signed no guaranty, the trial court should have granted wife's request to admit the exhibits proffered by wife, determined their validity, and evaluated that evidence as it may have related to her contribution, if any, to the increased value of the stock.

For the reasons hereinafter stated, we remand this cause to the trial court. For its further guidance, we answer the issues submitted by husband in this appeal. First, we are bound by decisions of the Supreme Court of Virginia and are without authority to overrule *Smoot*. Second, we have reviewed the evidence without considering the guaranty and deed of trust and find that it is sufficient to support the judgment of the trial court. As to the sub-issues enumerated above, we find: (1) that wife's contributions were sufficient to meet the test of *Smoot*; (2) that wife is not foreclosed from asserting that ownership of the corporate stock has been transmuted to marital property; (3) that husband's intent not to give wife an interest in the corporation is not controlling; and (4) that wife's efforts contributed to the appreciation in value of the stock. *See Lambert v. Lambert*, 6 Va. App. 94, 99, 367 S.E.2d 184, 187 (1988).

By enacting code provisions establishing principles of equitable distribution in Virginia, the General Assembly recognized that "marriage is a partnership of two individuals who have joined forces to benefit the union." *Price v. Price*, 4 Va. App. 224, 230-31, 355 S.E.2d 905, 909 (1987); *see also* Report of the Joint Subcommittee Studying Section 20-107 of the Code of Virginia to the Governor and the General Assembly of Virginia, House Doc. No.

---

[2] An inference may be drawn that but for wife's signature the loan would not have been made.

21, 1982 Session, at 7. "By enacting Code § 20-107.3, the General Assembly enabled the divorce courts to recognize the contributions made by both parties to the marriage, whether monetary or non-monetary, when considering division of their property upon the dissolution of a marriage." *Price*, 4 Va. App. at 231, 355 S.E.2d at 909. The legislative direction to the trial court is clear: divide on an equitable basis the *value of the* property acquired by the joint efforts of the parties.

■ The distribution anticipated by the General Assembly is predicated upon the philosophy that marriage represents an economic partnership requiring that upon dissolution each partner should receive *a fair proportion* of the property accumulated during marriage, L. Golden, *Equitable Distribution of Property* § 8.13 (1983), including property titled in the other party's name but which has appreciated in value due to the non-monetary efforts of the non-owner spouse. *See Lambert*, 6 Va. App. at 99, 367 S.E.2d at 187. A trial court's failure to consider all such contributions which have been brought to its attention equates to the refusal to consider an award. *See Shaughnessy v. Shaughnessy*, 1 Va. App. 136, 140, 336 S.E.2d 166, 169 (1985).

On appeal, wife appeared *pro se*, filed no brief and alleged no error. The error we find came to our attention during our examination of the record to respond to husband's assertion that the evidence was not sufficient to support the trial court's finding that the corporate stock had been transmuted to marital property. That examination led to the discovery that the trial court had failed to respond to the request that it consider the proffered exhibits W-A and W-B, and a closer review of husband's assertion that no such guaranty existed.

We do not part from our policy of requiring strict adherence to the Rules of Court. Wisely, the rule makers included an exception which permits this Court to consider errors when necessary to attain the ends of justice. For that reason, *sua sponte*, we find error in the trial court's failure to admit the proffered exhibits.

In cases as that before us, the sole owner of the corporation controls the corporate records and is in the better position to disclose the documents which will enable the trial court to make a fair proportion award. The legislature did not intend that the parties play a game of hide and seek when the issue of equitable dis-

tribution is presented to the trial court for an equitable decision. The guaranty and deed of trust, if valid instruments, clearly disclose husband's inaccurate testimony, which was the basis for counsel's erroneous argument that wife never guaranteed any corporate loans, notes or obligations.

For the reasons stated, in order that the legislative intent that the parties receive a fair proportion of the marital property be complied with, and to assure that the ends of justice be attained, we reverse that portion of the divorce decree relating to the transmuted property which limited wife's interest to twenty percent of its value, and remand this cause to the trial court with direction that such further hearings as necessary be held to determine the validity of the proffered exhibits. If the documents are found to be valid, the trial court is further directed to reconsider the percentage, if any, to which wife may be entitled in light of the additional evidence.

Accordingly, the judgment of the trial court relating to the transmuted property is reversed and this cause is remanded to the trial court for entry of a decree consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Cole, J.,* concurred.

Benton, J., concurring.

I believe that the evidence upon which the trial judge based his ruling was insufficient to support the finding that the business was transmuted to marital property. I agree with the majority, however, that the trial judge did not consider proffered evidence relevant to this issue. Accordingly, I join in the judgment reversing the trial judge's decree with respect to the transmuted property and remanding for further hearings.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.