COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Frank, Alston and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


ADAM H. FOX

OPINION BY
v.        Record No. 0643-12-1          JUDGE ROBERT P. FRANK
                                        DECEMBER 4, 2012

JESSICA C. FOX


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

Mary G. Commander (Commander & Carlson, on briefs), for
appellant.

Kristen D. Hofheimer (Hofheimer/Ferrebee P.C., on brief), for
appellee.


Adam H. Fox, appellant/husband, appeals from the trial court's award of spousal support

and equitable distribution.  He asserts eight assignments of error, and we will address them

sequentially in the body of this opinion.

PROCEDURAL HISTORY

Husband and wife were married on January 10, 2000 and separated on August 17, 2009.

Wife filed a complaint in the Circuit Court of the City of Suffolk on September 24, 2009.  Husband

then filed an answer and crossbill.  Both parties requested equitable distribution in their pleadings.

The trial court conducted a hearing on March 22, 2011 and requested both parties file proffers.

After reviewing the post-trial proffers, the trial court issued an opinion letter dated July 28, 2011.

Husband, by letter, advised the trial court of his objections and asked that the court reconsider

certain issues.  The court held a second hearing on December 6, 2011 and entered an amended final

decree on March 27, 2012. Husband timely filed his written objections to the amended final decree. We will discuss the pertinent facts in each assignment of error.

This appeal follows.

EQUITABLE DISTRIBUTION OF MARITAL RESIDENCES

Appellant assigns error to the trial court's failure to complete the equitable distribution of the parties' real estate and thus erred in awarding spousal support without determining the property rights and debts of the parties. The issue before this Court is whether, pursuant to Code § 20-107.3, the trial court must include property that has no value in its equitable distribution analysis.

The parties jointly owned two parcels of real estate, one in Suffolk, Virginia and one in Florida. Both parties agreed there is negative equity in each property. The rent realized from those properties is insufficient to pay the monthly mortgage payments. Husband testified he does not want to sell those properties because of the negative equity. He is willing to continue the mortgage payments but wants wife to equally share the shortfall.

In her post-trial proffer, wife suggested husband could either keep both properties if he refinances them, or the parties can sell them and equally divide any deficiencies. There was no agreement as to the disposition of these properties.

In its opinion letter dated July 28, 2011, the trial court found the Suffolk property had an approximate mortgage balance of $313,368; the Florida property had an approximate mortgage balance of $152,364. The trial court also found a $60,000 negative equity in the Suffolk property and a $20,000 negative equity in the Florida property. The trial court concluded that because both properties have negative market value, they will not be divided, "the parties retaining ownership as tenants in common, subject to foreclosure or sale."[1]

---

[1] Pursuant to Code § 20-111, upon a final decree of divorce, property owned as tenants by the entirety becomes property owned by tenants in common by operation of law.

- 2 -

At the hearing on husband's letter to reconsider, the parties discussed husband's continuing obligation to pay the mortgages after the divorce.  The discussion focused on how husband could recoup his payments.  Husband's counsel argued if the properties were awarded to husband, he would not be able to refinance.

The trial court further indicated the ruling on those properties would "stand" unless the parties could present an alternate proposal to the court.  Nothing was proposed.

The amended final decree entered March 27, 2012 provided *inter alia*:

> (F)     Real estate – This court finds that there is no equity in the real properties, and declines to make an equitable distribution of said property, i.e., allocate the property to either party and/or to allocate the debt associated with same.  The court acknowledges that the ultimate disposition of said real estate may be subject to future determination by a court with personal jurisdiction over the parties.  Said determination may include, but not be limited to, the parties' contributions to the debt secured by the real property, real estate taxes, etc., since the date of their final separation, i.e., August 2009 and a determination as to whether the property should be allocated to one party or the other, and/or whether an allocation of the debt should be made *pro rata* as determined by a court of competent jurisdiction shall deem appropriate absent agreement of the parties.

Code § 20-107.3(A) requires that the trial court determine legal title, ownership, value, whether property is marital or separate, and shall determine the nature of all debts, separate or marital.[2]  This language is mandatory.

There are three basic steps that a trial judge must follow in making equitable distribution of property.  "The court first must classify the property as either [separate, marital, or part separate and part marital property].  The court then must assign a value to the property based

---

[2] We note Code § 20-107.3 has a number of separate and distinct components that comprise an equitable distribution award:  Division or transfer of jointly held property (subsection C); monetary award (subsection D); pension (subsection G(1)); survivor benefit or annuity plan (subsection G(2)); and personal injury or workers' compensation recovery (subsection H).

- 3 -

upon evidence presented by both parties. Finally, the court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). "[T]he division or transfer of marital property and the amount of any monetary award is a matter committed to the sound discretion of the trial court." Zipf v. Zipf, 8 Va. App. 387, 393 n.2, 382 S.E.2d 263, 266 n.2 (1989).

Husband concedes the trial court complied with the first two parts of the process but contends the trial court failed to divide the two parcels.

Code § 20-107.3(C) provides in part:

> The court *may*, based upon the factors listed in subsection E, divide or transfer or order the division or transfer, or both, of jointly owned marital property, jointly owed marital debt, or any part thereof. The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E.

(Emphasis added).

Subsection C then sets forth the trial court's options of how to divide or transfer jointly owned marital property. The court may transfer or order the transfer of property to one of the parties, permit one party to purchase the other party's interest and direct the allocation of the proceeds, or order the sale by private or public sale.

Subsection E lists eleven factors to be considered in making an equitable distribution award. Specifically, paragraph 7 requires the court to consider "[t]he debts and liabilities of each spouse, the basis for such debts and liabilities and the property which may serve as security for such debts and liabilities[.]" Paragraph 8 requires consideration of "[t]he liquid or non-liquid character of all marital property[.]" Clearly, the trial court considered these factors.

Husband cites Shaughnessy v. Shaughnessy, 1 Va. App. 136, 336 S.E.2d 166 (1985), to support his argument that the trial court must include all marital property in the equitable

distribution. However, that case does not assist us in resolving the issue before us. In Shaughnessy, the trial court failed to determine equitable distribution of any of the parties' marital property, encouraging the parties to resolve their property themselves. We held the trial court abused its discretion in not complying with Code § 20-107.3. We concluded "we do not believe that [wife] should be put to the cost of additional litigation to obtain a ruling that she had already requested where there was sufficient evidence already on the record." Id. at 140, 336 S.E.2d at 169. Shaughnessy addressed a scenario where there was no Code § 20-107.3 consideration, no equitable distribution award, nor any property distribution. It did not address the situation we are confronted with here.

Had the trial court chosen to divide the two parcels, it had the following statutory options: First, it could have ordered the transfer to one of the parties, or have one party buy the other's interest. However, husband testified he was unable to refinance the properties. It is a fair inference that wife could not do so either. Second, the trial court could have ordered a public or private sale of the two parcels. Yet, it is inconceivable that anyone would purchase properties that had negative equities. Whatever option the trial court might have chosen, the result would have had a negative and extreme impact on the marital estate. Code § 20-107.3 does not mandate such a draconian result.

Because of the negative equity and the dire consequences of a division of those parcels, the trial court chose not to divide these parcels. The properties, thus, were for all practical purposes, neither liquid nor suitable for division. After the court considered all of the factors in Code § 20-107.3(E), we cannot conclude the trial court abused its discretion. We thereby conclude that under the specific circumstances of this case, the trial court was not obligated to divide or allocate these two parcels.

Hodges v. Hodges, 2 Va. App. 508, 347 S.E.2d 134 (1986), is instructive. In that equitable distribution case, the marital property had no equity in excess of indebtedness. We held the trial court erred in entering a monetary award, including "where the marital property is encumbered with indebtedness which equals or exceeds its value, then for purposes of a monetary award it is essentially of no value. Without value, there is no basis for a monetary award." Id. at 515, 347 S.E.2d at 138. Although Hodges involved a monetary award and not a division of jointly held property, it instructs us that an asset with no value, or negative value, is not subject to equitable distribution.

Unlike subsection A, the language of subsection C, addressing division of jointly held property, is permissive. It provides the court *may* divide or transfer jointly owned marital property. "[T]he word 'may' 'is not mandatory but permissive and leaves the matter to the discretion of the trial court.'" Turner v. Commonwealth, 221 Va. 513, 521, 273 S.E.2d 36, 41 (1980) (quoting Harmon v. Commonwealth, 209 Va. 574, 580, 166 S.E.2d 232, 236 (1969)), rev'd on other grounds, Turner v. Murray, 476 U.S. 28 (1986). Clearly, the legislature in enacting Code § 20-107.3 made certain findings and rulings of the court mandatory and others permissive.

"We look to the plain meaning of the statutory language, and presume that the legislature chose, with care, the words it used when it enacted the relevant statute." Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011) (citation and internal quotation marks omitted). Moreover, when the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional. Zinone v. Lee's Crossing Homeowners Ass'n., 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011).

The decision in <u>Alphin v. Alphin</u>, 15 Va. App. 395, 424 S.E.2d 572 (1992), refutes husband's contention that the word "may" in Code § 20-107.3(C) is permissive only to the extent that the trial court has several options in dividing or transferring the jointly held property. <u>Alphin</u> addressed jointly owned marital debt and found that the trial court was not mandated under Code § 20-107.3(C) to allocate that debt. This Court explained:

> The trial judge declined to decide who should pay the tax debt to the Internal Revenue Service when it is determined, stating "[i]t will be a matter between the IRS and the parties." Under Code § 20-107.3(C), the trial court had the "authority to apportion and order the payment of the debts of the parties." However, the language of subsection (C) is not mandatory. . . . The trial judge's decision to refrain from allocating what is a potential tax debt was not an abuse of discretion. The judge considered the tax consequences to each party in making his equitable distribution award pursuant to Code § 20-107.3(E)(9).

<u>Id.</u> at 403-04, 424 S.E.2d at 577. Thus, under the <u>Alphin</u> analysis, the trial court was not mandated to divide or transfer jointly held property.

We conclude that although both parties requested the trial court to divide the properties, the court was not required to do so. Therefore, the trial court did not abuse its discretion in failing to divide the real estate.

Husband contends by allowing the disposition of these parcels to be resolved at a later time, the trial court bifurcated the divorce proceedings. He maintains the trial court violated Code § 20-107.3(A) because neither party moved for bifurcation.[3] At oral argument, husband

---

[3] Code § 20-107.3(A) provides in part:

> The court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary, and all decrees heretofore entered retaining such jurisdiction are validated.

conceded that the bifurcation argument is premised on the trial court's failure to divide the two parcels.

As husband's counsel correctly conceded, the determination of this issue depends on the resolution of whether the trial court abused its discretion by not distributing the two parcels of real estate in equitable distribution. If the trial court had that authority, no bifurcation took place. Since we hold that the trial court did not err in refusing to divide the two parcels, there was no bifurcation.

Husband next contends the trial court erred in determining spousal support without consideration of the property of the parties and the debt maintained thereon. Again, husband's argument is premised on his claim that the trial court erred in not dividing the two parcels. Code § 20-107.1(E) requires the trial court to consider thirteen factors to determine the nature, amount, and duration of spousal support including the provisions made with regard to marital property under Code § 20-107.3.

The trial court did in fact consider the provisions made with regard to marital property, but for the reasons stated, did not include the two parcels in those provisions. Since we have found no such error, this argument fails.

We conclude that the trial court did consider the equitable distribution determination prior to awarding spousal support.

MILITARY PENSION

Husband contends the trial court erred in not following the formula he proposed in dividing his contingent military retirement benefits.[4] In the proposed amended final decree of divorce, husband proposed the following language as to such division:

---

[4] At time of separation and divorce, husband was still on active duty in the United States Navy.

(G). This court makes an equitable distribution of Defendant's contingent retirement with the United States Navy as follows: 40% of the marital share is awarded to Plaintiff according to the following formula:

9.67 years of marriage (divided by) total number of years Defendant served = marital share x .4 will be the share awarded to [wife].

The former spouse is awarded 40% of the disposable military retired pay member would have received had the member retired with a retired pay base of $4,830.42 and with 9 years of creditable service on August 17, 2009.

Appellant objected to the trial court striking the second sentence of subparagraph (G) beginning with "[t]he former spouse . . ." and ending "on August 17, 2009."

The effect of the deleted paragraph proposed by husband would be to establish wife's interest in husband's retirement as of the date of separation as opposed to the date when husband would actually begin receiving the retirement benefits.

A military retirement is based on time of service and rank achieved. 10 U.S.C. §§ 12739, 1406, and 1407. Husband desired to limit wife's interest in the retirement accrued prior to separation and bar her from benefitting from post-separation and post-divorce increases based on husband's progression in rank and pay grade. Husband maintains that such increases in rank are the equivalent of post-divorce contributions to a defined benefit retirement plan, which are treated as separate property. Husband cites no law to support this conclusion.

In arguing his point, husband refers to a number of government publications that he appended to his brief. The Defense Finance and Accounting Service (DFAS) publication entitled "Guidance on Dividing Military Retirement Pay" states "this publication is intended to provide guidance only and is not legally binding."

Husband also appended "The Uniformed Services Former Spouses Protection Act." The Judge Advocate General's Legal Center and School recommends a formula for making an award

based on the service member's retirement on the day of the divorce. This "hypothetical award" does not allow the former spouse to benefit from any of the member's post-divorce promotions or additional years of service. However, it is clear from the language of that document that the formulas proposed are simply recommendations.

While husband equates the post-divorce promotions or increases in time of service to separate property, he cites neither case law nor statutory provision to support his legal conclusions.

"Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).

> "A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal."

Id. at 734-35, 660 S.E.2d at 345 (quoting People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989) (internal citations omitted)). "[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, 'the Court of Appeals may . . . treat a question presented as waived.'" Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

We cannot determine whether husband's argument has merit without citations to legal authority. He cites no cases that require a formula based on a "hypothetical award." He cites no

cases that indicate the trial court abused its discretion in choosing one formula over husband's proposed formula. He cites no cases that characterize the trial court's formula as awarding "separate property" to the wife.

In order for this Court to properly rule on husband's argument, we would be compelled to conduct research on husband's behalf. We will not and cannot do so.

In light of these significant deficiencies, we hold that appellant has waived this argument on appeal.[5]

## AWARD OF SPOUSAL SUPPORT

Appellant contends the trial court erred in awarding any spousal support to wife, who he claims was guilty of committing adultery. On brief, appellant claims that wife's negative monetary and non-monetary contributions to the marriage, as contemplated by Code § 20-107.1(E), bar her from receiving any spousal support. Had the trial court properly considered the factors in Code § 20-107.1(E), reasons appellant, the court would have found wife was not entitled to receive support. Thus, argues appellant, any award to the wife was an abuse of discretion.[6] Wife responds that this issue is waived because it was never presented to the trial court. We agree with wife.

Appellant never argued to the trial court that wife should be barred from receiving any spousal support. In his written objections to the amended final decree, husband "object[ed] to the award of spousal support in light of [wife's] adultery and negative monetary and non-monetary contributions to the marriage." While he objected on that basis to the amended

---

[5] While wife raises other issues concerning husband's pension, we need not address them because of our resolution of husband's issue.

[6] Appellant does not argue that wife's adultery is grounds for divorce and therefore she is not entitled to support pursuant to Code § 20-107.1(B).

final decree, the record fails to show that husband made this argument to the trial court or that the trial court had an opportunity to rule on this objection.

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). A trial court must be alerted to the precise issue to which a party objects. Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). The purpose of the rule is to ensure that any perceived error by the trial court is "promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. . . . Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal." Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989).

Appellant never argued that wife was not entitled to receive any support. He made no such argument to the trial court at the initial hearing, his letter to reconsider the court's opinion letter, nor at the hearing to reconsider. Specifically, in his letter of reconsideration, husband asked the court to reconsider the duration of the term of support, not that any support be terminated altogether. Thus, despite having had the opportunity to do so, husband did not alert the trial court to his claim that the court erred in failing to properly consider the statutory factors and in making an awarding of spousal support. Therefore, the trial court was not timely advised of the alleged error and had no opportunity to consider, address, or correct it. We will not consider this assignment of error on appeal. Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010).

FAILURE TO CONSIDER NEGATIVE MONETARY AND
NON-MONETARY CONTRIBUTIONS

Appellant's assignment of error two states, "The trial court erred in failing to consider appellee's monetary and non-monetary contributions to the marriage in awarding spousal

- 12 -

support." However, in his brief, husband argues the trial court did not give the appropriate *weight* to these factors, an argument different from his assignment of error. We find a significant difference between alleging the trial court failed to consider these factors and the trial court's failure to give sufficient weight to husband's evidence. On brief, husband acknowledges that the court considered wife's contributions, but that it did not give them the appropriate weight.

Rule 5A:20(c) requires us to hold that this issue is waived because it is not part of appellant's assignment of error. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); see also Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)). The only issue raised in husband's assignment of error is that the trial court never considered wife's negative monetary and non-monetary contributions.

Because appellant did not include the issue of properly applying negative monetary and non-monetary contributions in his assignments of error, he cannot now argue this issue on appeal.

Regarding appellant's contention that the trial court erred in failing to consider wife's negative monetary and non-monetary contributions, we conclude that based on the court's opinion letter and final decree, and as detailed below, it is clear that the court considered all the statutory factors required by Code § 20-107.1(E).

AMOUNT AND DURATION OF SUPPORT

Appellant claims the trial court erred in determining the amount and duration of the spousal support award. The trial court awarded wife a defined duration of spousal support for ten years.

In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998). Accordingly, our review is limited to determining whether the trial court clearly abused its discretion. Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005). In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). The trial court's findings "must have some foundation based on the evidence presented." Id. Where that evidentiary foundation exists and the record discloses that the trial court has given consideration to each of the statutory factors, we will not disturb its determination as to spousal support on appeal. Bruemmer, 46 Va. App. at 210-11, 616 S.E.2d at 742.

In a detailed opinion letter, the trial court addressed each of the required factors set forth in Code § 20-107.1(E) and, in accordance with Code § 20-107.1(F), addressed the circumstances supporting its decision as to the initial amount and duration of spousal support.[7]

---

[7] Code § 20-107.1(E) mandates that the trial court consider the following when making an award of spousal support:

> 1. The obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature;
> 2. The standard of living established during the marriage;
> 3. The duration of the marriage;

Specifically, the court considered the following statutory factors:  the relative financial resources of the parties; the standard of living was "middle class"; the marriage lasted 9.6 years; the parties and the children are in excellent physical and mental health; the relative monetary and non-monetary contributions of the parties; the two parcels of real estate; and the disparate education and earning capacities of the parties.  Based upon the record before use, we cannot say the trial court abused its discretion in fashioning an award that was excessive in amount or duration.

If the court awards periodic support for a defined duration, Code § 20-107.1(F) also requires the court to identify "the basis for the nature, amount and duration of the award and, if

4. The age and physical and mental condition of the parties and any special circumstances of the family;
5. The extent to which the age, physical or mental condition or special circumstances of any child of the parties would make it appropriate that a party not seek employment outside of the home;
6. The contributions, monetary and nonmonetary, of each party to the well-being of the family;
7. The property interests of the parties, both real and personal, tangible and intangible;
8. The provisions made with regard to the marital property under § 20-107.3;
9. The earning capacity, including the skills, education and training of the parties and the present employment opportunities for persons possessing such earning capacity;
10. The opportunity for, ability of, and the time and costs involved for a party to acquire the appropriate education, training and employment to obtain the skills needed to enhance his or her earning ability;
11. The decisions regarding employment, career, economics, education and parenting arrangements made by the parties during the marriage and their effect on present and future earning potential, including the length of time one or both of the parties have been absent from the job market;
12. The extent to which either party has contributed to the attainment of education, training, career position or profession of the other party; and
13. Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

appropriate, a specification of the events and circumstances reasonably contemplated by the court which support the award." However, husband does not argue that the court violated the provisions of Code § 20-107.1(F) by failing to identify the basis for the award. He simply argues that the award is inappropriate under the circumstances of this case.

In its opinion, the trial court concluded:

> The duration of any award of spousal support is an issue in this case. The marriage was of moderate duration. I do not consider the duration of the marriage, the conduct giving rise to the dissolution of the marriage, and the separate financial resources of the parties, taken together, to be sufficient to justify a permanent award of support.

Husband argues on brief that the evidence was insufficient to prove what amount of income wife would expect to receive in the future and that there has been no showing that it will take wife ten years to be able to be self-supporting. We find that there is sufficient evidence to support the trial court's award for a specific duration.

## OVERPAYMENT OF SPOUSAL SUPPORT

Appellant assigns error to the trial court's refusal to determine that there had been an overpayment of spousal support to wife. In support of this claim, appellant states that he preserved this issue on pages 267 and 268 in the joint appendix. A review of those pages reveals that the document appellant refers to is his written objections to the amended final decree. However, nowhere in that document does appellant raise this issue. We can find no other reference to this issue in the record. Thus, appellant has failed to comply with Rule 5A:20(d) that requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix . . . ."

Furthermore, Rule 5A:20(e) requires that an appellant's opening brief contain "'[t]he principles of law, the argument, and the authorities relating to each question presented.'

Unsupported assertions of error do not merit appellate consideration." Jones, 51 Va. App. at 734, 660 S.E.2d at 345.

Here, appellant's brief to this Court contains no legal authority supporting his argument that he is entitled to a credit, or an offset, against the present award for overpayment. Nor has appellant provided any legal support as to how his theory applies to the facts of this case. Indeed, his entire argument is two short paragraphs. "While we may speculate as to how husband's [lack of] authority relates to his argument, the need for such guesswork on our part necessarily means husband has not complied with the rule." Sfreddo v. Sfreddo, 59 Va. App. 471, 494, 720 S.E.2d 145, 157 (2012). In light of these significant deficiencies, we hold that appellant has waived this argument on appeal. Jay, 275 Va. at 520, 659 S.E.2d at 317.

WRITTEN FINDINGS

Appellant's assignment of error three states, "The trial court erred in awarding spousal support to [wife] without making appropriate written findings." In directing us to where he preserved this argument, appellant points to pages 216, 267, and 268 of the joint appendix. Page 216 is the trial court's opinion letter to counsel, which cannot preserve an issue for appeal. Pages 267 and 268 are appellant's written objections to the amended final decree, which contain no reference to his argument presented here.

Rule 5A:20(c) requires an appellant's opening brief to contain "a statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."

We searched the record and could not find where appellant argued this issue to the trial court. Rule 5A:18.

> Rule 5A:18 serves an important function during the conduct of a trial. It places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow

- 17 -

> correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals.

Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

Because husband did not make this argument below, and points to nowhere in the appendix where he preserved it below, we will not consider it on appeal.

## ATTORNEY'S FEES ON APPEAL

Both parties ask for an award of attorney's fees and costs to pursue this appeal.[8]

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

After considering the record in this case, we reject husband's request for attorney's fees and costs.

However, we grant in part wife's request for appellate fees. We view seven of husband's eight arguments as without merit. We have no reluctance imposing fees in such circumstances. Brandau v. Brandau, 52 Va. App. 632, 642, 666 S.E.2d 532, 538 (2008). We view husband's argument regarding the trial court's refusal to divide the real estate as erroneous but nonetheless debatable. We deny wife's request for fees as to this issue.

We remand this case to the trial court to award wife attorney's fees associated with her defense of all of husband's arguments, with the exception of those regarding the division of the jointly held real estate. On remand, we direct the trial court to determine a reasonable division of

---

[8] Since this matter did not arise from the juvenile and domestic relations district court, Code § 16.1-278 does not govern the award of attorney's fees. See Lynchburg Division of Social Services v. Cook, 276 Va. 465, 484, 666 S.E.2d 361, 371 (2008).

labor between the issues argued on appeal, and to make a partial fee award based upon this determination.  Id.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.  The matter is remanded to the trial court for an award of attorney's fees to wife incurred in this appeal as stated above, which should also include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.