COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

UNPUBLISHED

JOSEPH MARK NEUBERT

v.     Record No. 1675-14-4

LINDA DEAN NEUBERT

MEMORANDUM OPINION[*]
PER CURIAM
JULY 21, 2015

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

(Peter M. Fitzner; Matthews, Snider & Fitzner, on briefs), for
appellant.

(Bethany Kirschner; Thomas Woehrle; Woerhle Franklin
Dahlberg Jones PLLC, on brief), for appellee.

Joseph Mark Neubert ("husband") appeals the trial court's award of spousal support to

Linda Dean Neubert ("wife"). On appeal, husband contends the trial court erred in awarding

spousal support that increases from $500 to $1,600 per month upon the sale of the former marital

residence. He asserts the trial court erred by providing for an automatic increase based upon the

occurrence of a future event. He also argues the trial court erred by failing to consider the

income, earning capacity, needs, and financial resources in determining the amount of the

spousal support award.

Furthermore, husband contends the trial court incorrectly determined the amount of

wife's income because it relied on 2012 rather than 2013 data and, regardless of which financial

data was used, abused its discretion by awarding a substantially disproportionate amount of

spousal support to wife that was unsupported by the evidence.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Finally, husband maintains the trial court erred in ruling that the spousal support award should continue indefinitely and by denying him the opportunity to re-open the case and present additional evidence regarding wife's total 2013 income.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Rule 5A:27. Accordingly, we affirm the judgment of the trial court.

Background

"On review, we consider the evidence in the light most favorable to the party prevailing in the trial court." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 31 (1989). The trial court found that husband and wife had lived separate and apart for a year, thereby supplying them with a ground for divorce. The court undertook a detailed inventory of the parties' assets and roughly divided them between husband and wife in equal parts, with husband providing wife an additional $37,137.62 upon the sale of the marital residence.

With regard to spousal support, the trial court expressly stated it had considered the factors in Code § 20-107.1. It found that the parties had been married over thirty years. It recognized that the couple's marriage had remained intact over that period of time, that they had "raised children, acquired property, and maintained a standard of living which allowed them to make discretionary expenditures." With regard to the parties' respective incomes, the trial court concluded

> there was no evidence . . . to suggest either party is incapable of
> taking advantage of prior educational opportunities and continued
> employment. To that end, the Court notes that Mr. Neubert
> indicated his yearly income to be approximately $59,000.00. Mrs.
> Neubert testified to an income less than that, but frankly, the Court
> views the evidence as indicating that Mrs. Neubert may have
> additional income producing opportunities. Indeed, in the course
> of the hearing, it appeared that Mrs. Neubert was a financially
> savvy woman. Mrs. Neubert made contributions, monetary and
> non-monetary, to the well-being of the family. This consisted not
> only of her childrearing responsibilities but in the attention to
> family needs and the "sweat equity" that she invested in the

- 2 -

acquisition of family property, most significantly the family residence. The Court is also mindful of the fact that its prior rulings on equitable distribution vest assets of some value in each of these parties.

After observing it had examined these considerations and the income[1] and expenses submitted by the parties, the trial court awarded wife $500 monthly spousal support beginning January 1, 2014, to continue until the sale of the marital residence. Upon its sale, husband's spousal support obligation would increase to $1,600 per month, beginning the first day of the month after the closing of the sale. The trial court determined that the support award would remain in effect "indefinitely or at such time as the statutory circumstances for termination arise."

Analysis

"'In fixing the amount of the spousal support award, . . . the [trial] court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)). "In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Fox v. Fox, 61 Va. App. 185, 203, 734 S.E.2d 662, 671 (2012) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). However, "the trial court's findings 'must have some foundation based on the evidence presented.'" Id. (quoting Wooley, 3 Va. App. at 345, 349 S.E.2d at 426).

---

[1] In the final divorce decree the trial court found that wife's annual income was $36,516.

"An award for an undefined duration requires that the circuit court identify the subsection (E) factors supporting the award and explain the resolution of significant factual disputes." Cleary v. Cleary, 63 Va. App. 364, 370 n.4, 757 S.E.2d 588, 591 n.4 (2014) (citation omitted).

The record reveals that the trial court properly considered the relevant statutory factors. The trial court explicitly stated it had considered the factors in Code § 20-107.1. The trial court took into account the health of the parties and their ability to take advantage of their prior educational opportunities and employment. It specifically found that husband's income was $59,000, while wife's was $36,516. It also considered the length of the parties' marriage, their lifestyle during the marriage, and their respective monetary and non-monetary contributions and property interests.

Wife presented evidence from her 2012 tax returns that her annual gross income was $36,520. At the time of the hearing in December 2013, she did not present a 2013 tax return or an income and asset statement based upon her 2013 income and expenses. However, she testified her 2013 income might be less than 2012, in part because she had devoted significant time to the divorce litigation. Wife, a residential real estate appraiser, also explained her income had dropped by nearly half since "the market came to a screeching halt" in 2006. The evidence established that, over the course of the parties' thirty-six years of marriage, her total earnings were $628,771, less than a quarter of the total $2,264,991 earned by the couple over that time period.

Husband presented evidence that his gross monthly income was $5,001 in 2013, while wife's evidence established her gross monthly income was $3,043, a difference of $1,958. Based on her net income and her monthly expenses, wife sought spousal support of $2,543. She maintained her monthly income expenses exceeded her monthly net income by $1,977, and asked that she be awarded that amount, as well as state and federal support taxes. Taking into

account her non-monetary contributions to the marriage and the difference in the parties' incomes, but recognizing wife as a "financially savvy woman" who might have "additional income producing opportunities," the trial court awarded less spousal support than the amount sought by wife.

The evidence established that, at the time of the hearing, husband's annual income exceeded wife's annual income by approximately $12,500. Furthermore, while wife provided evidence to the court her 2012 income was $36,520, she explained her income in 2013 had been less than that. Evidence established that in four of the past ten years, husband's annual income was approximately twice as much or more than wife's annual income. Upon the sale of the house, husband was relieved of a monthly mortgage obligation of $1,350 as well as associated upkeep. With regard to living expenses, husband conceded he had not explored living in an apartment instead of a single family dwelling because an apartment would not accommodate his boat.

While husband presented evidence suggesting wife's gross income in 2013 was at least $48,115, the trial court was entitled to discount this evidence because it did not establish wife's net income, and because it did not take into account her income and expenses for the entire year. The trial court's reliance on wife's most recent tax return was sufficiently "contemporaneous" to support its decision regarding its findings regarding her income. See Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979) (holding that an award must be based on "contemporaneous circumstances" as opposed to uncertain future circumstances).

Accordingly, as the trial court's decision was based upon the required statutory factors in determining the amount of the spousal support award and was supported by the evidence, we conclude it did not abuse its discretion in awarding wife spousal support that increased from $500 to $1,600 upon the sale of the marital residence.

To the extent husband contends the trial court erred by providing for an "automatic increase upon the occurrence of a future event," we decline to consider that argument because he raises it for the first time on appeal. See Rule 5A:18. While husband objected to the amount of the spousal support award below, he did not contest the award on the basis that it was based on an uncertain future event. Under Rule 5A:18, "[t]he same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004); see Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.").

Although husband asks that we consider this argument pursuant to the ends of justice exception in Rule 5A:18, the record does not justify application of the exception. In Courembis v. Courembis, 43 Va. App. 18, 28-29, 595 S.E.2d 505, 510 (2004), we held that application of the ends of justice exception was limited to a trial court's failure to determine the presumptive amount of child support or to make written findings justifying its deviation from that amount. We explained our decision as follows:

> Husband further argues that the ends of justice exception to Rule 5A:18 should apply to the issue of spousal support. Relying on this Court's decision in Herring [v. Herring, 33 Va. App. 281, 532 S.E.2d 923 (2000)], husband claims that the court's failure to comply with the affirmative statutory duty found in Code § 20-107.1(F)—which directs the trial court to make "written findings and conclusions . . . identifying the factors in subsection E which support the court's order"—constitutes a basis for applying the ends of justice exception, notwithstanding his failure to bring the alleged error to the court's attention. We disagree. In Herring, we agreed to consider, despite appellant's failure to contemporaneously object at trial, whether the trial court erred by failing to determine the presumptive amount of child support, pursuant to Code § 20-108.1(B), and by deviating from the presumptive amount. Herring, 33 Va. App. at 287, 532 S.E.2d at 927. We specifically limited our holding to the failure to explain a deviation from the guidelines. "*To make clear our holding, we note that our application of the ends of justice exception in this*

- 6 -

> *case . . . applies only to the court's failure in child support cases to expressly calculate the guideline amount or to make the written findings required to justify its deviation from that amount.*" Id. at 287 n.2, 532 S.E.2d at 927 n.2. Herring is specifically limited to its facts, and we decline to extend its holding to the issue presented here.

Id. (emphasis added).

Here, husband's arguments pertain to the lack of evidence supporting the trial court's spousal support award, not child support, and therefore do not merit our consideration under the ends of justice exception.

Likewise, we find no merit in husband's assertion that the trial court abused its discretion in awarding spousal support to wife for an indefinite period of time. "[Code § 20-107.1] does not require the trial court to specify the date of termination of a spousal support award. In fact, the language allows the trial court to order an award for an undefined duration." Joynes v. Payne, 36 Va. App. 401, 423, 551 S.E.2d 10, 21 (2001). Husband cites no authority to the contrary. Thus, the trial court did not abuse its discretion.

Finally, husband contends the trial court abused its discretion by denying his motion to reconsider its decision on January 27, 2014 and by quashing his subpoena *duces tecum* seeking to obtain additional information about wife's total 2013 income. We disagree.

"Motions to reopen a hearing to take further evidence are matters within the court's discretion." Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439 (1998). Husband had the opportunity to present evidence regarding wife's income at the hearing on December 17, 2013. Instead, he filed a motion to reconsider three months after the trial court's decision in January 2014 seeking to present that evidence.

"After a court has concluded an evidentiary hearing 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject.'" Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988)

(alteration in original) (quoting Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)). Accord Shooltz, 27 Va. App. at 269, 498 S.E.2d at 439-40. To establish an "entitlement to a rehearing, a petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Holmes, 7 Va. App. at 480, 375 S.E.2d at 392 (quoting Downing v. Huston, Darbee Co., 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927)).

Here, husband has failed to do either. Husband has failed to establish an error on the face of the record or offer any legal excuse for his failure to present sufficient evidence of wife's 2013 income for the hearing in December 2013. Instead, husband merely asserts that allowing him to undertake additional discovery "would have supplied the answer to the trial court's finding that [wife] may have additional income producing opportunities."

Thus, the trial court did not abuse its discretion in refusing to allow husband to obtain and submit additional evidence of wife's 2013 income prior to the entry of the final divorce decree.

Accordingly, the trial court's decision is summarily affirmed. Rule 5A:27.

Affirmed.