COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Causey and Friedman


AISAN WALHED TAYLOR

v.      Record No. 0666-22-1

COMMONWEALTH OF VIRGINIA

                                                                MEMORANDUM OPINION[*]
ASIAN W. TAYLOR, SOMETIMES KNOWN AS                                    PER CURIAM
  AISAN WALHED TAYLOR                                                MARCH 14, 2023

v.      Record No. 0867-22-1

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

(J. Barry McCracken, Assistant Public Defender; Harry Dennis
Harmon, Jr., on brief, for appellant). Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief, for appellee).


After examining the briefs and records in these consolidated appeals, the panel unanimously

holds that oral argument is unnecessary because "the appeal[s are] wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

Appellant Aisan Walhed Taylor pleaded guilty, pursuant to a written plea agreement, to two

counts of armed robbery, one count of conspiracy to commit armed robbery, two counts of use of a

firearm in the commission of a felony, one count of strangulation, and one count of possession of a

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

firearm by a violent felon.[1]  By final orders entered April 5, 2022, the Circuit Court of the City of Norfolk sentenced him to twenty-five years' incarceration, with eight years suspended.  In these consolidated appeals, Taylor asserts that the circuit court abused its discretion by imposing a seventeen-year active sentence.  For the following reasons, we affirm.

## BACKGROUND

Taylor and the Commonwealth entered a written plea agreement in which he agreed to plead guilty to two counts of armed robbery, conspiracy to commit armed robbery, two counts of use of a firearm in the commission of a felony, strangulation, and possession of a firearm by a violent felon.  The Commonwealth agreed to *nolle prosequi* several additional charges.  The parties also agreed that Taylor's total active sentence would be between thirteen and seventeen years.

At the sentencing hearing, the Commonwealth asked the circuit court to impose a seventeen-year active sentence, characterizing Taylor's conduct as egregious.  The Commonwealth proffered that on July 13, 2020, Taylor assaulted his ex-girlfriend by "punching her in the face, grabbing her by the hair, pushing her and strangling her with his left hand until she couldn't breathe. He then punched her in the arms and legs and broke her glasses and smashed her phone against the dresser four times."  On September 15, 2020, Taylor used a stolen firearm to rob a pizza delivery driver of her wallet, including cash, credit cards, and debit cards, and "rip[ped] a chain off of her neck."  The next day, Taylor used the same stolen firearm to rob a convenience store; he pointed the firearm at the clerk's face, demanded money from the till, and discharged a round before leaving. After Taylor's arrest, law enforcement discovered text messages showing that Taylor and his girlfriend planned to rob another pizza delivery driver.

---

[1] The plea agreement resolved charges brought in two separate cases in the Circuit Court of the City of Norfolk.

Defense counsel argued for a lenient sentence, noting that while the robbery victims suffered emotional harm, they were not physically injured. Counsel further asserted that Taylor "honest[ly]" and "frank[ly]" admitted his conduct, that he committed the robberies because he "wanted the money" as "he was having a difficult time providing for himself and his girlfriend." Counsel noted Taylor's remorse and his "potential for rehabilitation," stressing Taylor's youth and his difficult upbringing as mitigating factors. Accordingly, the defense asked the circuit court to consider imposing "the lowest possible active sentence." During his allocution, Taylor "apologize[d] to [his] victims" and "accept[ed] all responsibility for [his] actions." The circuit court sentenced Taylor to seventeen years' active incarceration.[2] Taylor now appeals.

ANALYSIS

Taylor contends that the circuit court abused its discretion by sentencing him to seventeen years' active incarceration. As Taylor acknowledges, this Court reviews the circuit court's sentence only for an abuse of discretion. *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). While Taylor asserts that it is "long past time" to discard this well-established principle, "'we are bound by decisions of the Supreme Court of Virginia and are without authority to

---

[2] Specifically, Taylor was sentenced as follows: five years in prison with four years suspended on the first robbery conviction; five years in prison with three years suspended on the second robbery conviction; one year in prison, fully suspended, on the conspiracy to commit robbery conviction; the mandatory three years in prison on the first conviction for use of a firearm in the commission of a felony; the mandatory five year term in prison on the second conviction for use of a firearm in the commission of a felony; one year in prison on the strangulation conviction; and the mandatory minimum of five years in prison on the conviction for possession of a firearm by a convicted violent felon.

overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)).

Taylor pleaded guilty to seven felony offenses, and the sentence for each offense fell within the statutory range. *See* Code §§ 18.2-10, 18.2-22, 18.2-51.6, 18.2-53.1, 18.2-58(B)(2), 18.2-308.2. Given that Taylor's sentence falls within the authorized statutory maximums, the circuit court did not abuse its discretion by sentencing Taylor to seventeen years' active incarceration. Furthermore, the record demonstrates that the circuit court took Taylor's mitigating evidence into account in fashioning the sentence—balanced against those circumstances, however, were his "repeated acts of violence." Finally, Taylor received a sentence within the range he agreed to in his plea agreement with the Commonwealth. *See Porter v. Commonwealth*, 276 Va. 203, 231 (2008) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006))). Accordingly, since the circuit court did not abuse its discretion by sentencing Taylor to a term of imprisonment that falls within the statutory range, our task on appeal is complete. *See Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*