COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Clements
Argued at Chesapeake, Virginia


RICKY RAY WILKINS

                                   MEMORANDUM OPINION[*] BY
v.   Record No. 0353-01-1      JUDGE JEAN HARRISON CLEMENTS
                                      DECEMBER 27, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Wilford Taylor, Jr., Judge

          David M. Lee for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Ricky Ray Wilkins was convicted in a bench trial of

abduction for pecuniary benefit in violation of Code § 18.2-48.[1]

On appeal, he contends the trial court erred in ruling the

evidence was sufficient to convict him of abduction under Code

§ 18.2-48 because the detention of the victim was not committed

with the intent to extort money or pecuniary benefit and the

detention was inherent to the commission of the robbery.

Finding no error, we affirm the conviction.

_____

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Wilkins was also convicted of two counts of robbery in
violation of Code § 18.2-58.  He does not challenge those
convictions on appeal.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

Wilkins concedes the evidence presented at trial was sufficient to show that, in making the robbery victim, Cynthia Humphrey, go into the store's bathroom and wait there while he left the store, he committed "simple abduction." He contends, however, there was no evidence to show that, in detaining Humphrey, he had the intent "to extort money or pecuniary benefit." Thus, he concludes, the trial court erred in finding the evidence was sufficient to convict him of abduction under Code § 18.2-48.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997). We will not disturb a conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

To establish Wilkins' guilt under Code § 18.2-48, the Commonwealth was required to prove beyond a reasonable doubt that Wilkins abducted Humphrey "with the intent to extort money

-

or pecuniary benefit."  The Supreme Court of Virginia has held that "an abduction committed for the purpose of avoiding an arrest for a robbery or to retain the fruits of a robbery is perpetrated with the intent to extort pecuniary benefit." Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994).[2]

Here, the evidence established that Wilkins approached the counter where Humphrey was working in the store, told her it was a robbery, and, holding his hand under his shirt "like he had a weapon," ordered her to take the money out of the cash register and put it in a bag.  After she gave him the money, he ordered her into the store's back room and told her to go into the adjoining bathroom and stay there for ten seconds.  When Humphrey went into the bathroom, Wilkins left the store.

Clearly, the evidence shows that Wilkins ordered Humphrey into the bathroom for the purpose of facilitating his escape from the scene.  Thus, the evidence supports a finding that "the

_____

[2] Acknowledging that his position is otherwise untenable, Wilkins invites us to overrule Cortner v. Commonwealth, 222 Va. 557, 281 S.E.2d 908 (1981), and Barnes v. Commonwealth, 234 Va. 130, 360 S.E.2d 196 (1987), and presumably their progeny, including Cardwell, because they "ignore traditional principles of statutory construction."  Those cases, Wilkins argues, "were wrongfully decided, because they ignore the express statutory requirement of . . . Code § 18.2-48 that there be an intent to 'extort,' not merely a general desire to obtain financial benefit."  However, even were we to find his argument persuasive, we must decline Wilkins' invitation because "we are bound by the decisions of the Supreme Court of Virginia and are without authority to overrule [them]."  Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991).

-

abduction was committed to protect the fruits of the robbery and to escape an arrest." Id. We hold, therefore, that the evidence was sufficient to prove beyond a reasonable doubt that Wilkins abducted Humphrey with the intent to extort pecuniary benefit.

Wilkins further argues that the evidence was insufficient to support a conviction of abduction because his brief detention of Humphrey was not distinct from the restraint necessary to complete the robbery. The Commonwealth contends this argument was not preserved for appeal in accordance with Rule 5A:18. We agree with the Commonwealth.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18. The purpose of the rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Here, Wilkins argued at trial that his detention of Humphrey did not rise to the level of abduction solely because Humphrey, who left the bathroom before ten seconds had passed, "was certainly not in there against her will." Wilkins never argued at the trial level that his detention of Humphrey was

-

merely that detention inherent in carrying out the robbery. Thus, he is procedurally barred from making that argument for the first time on appeal.  Furthermore, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

Accordingly, we affirm Wilkins' conviction.

<u>Affirmed.</u>