UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Fulton
Argued by videoconference

JESSICA ANN McCAULEY

v.      Record No. 0451-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JUNIUS P. FULTON, III
MAY 3, 2022

FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

G. Brian Tacey (Jurach, Tacey & Quitiquit, PLC, on brief), for
appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


This appeal arises out of a set of probation violations that were heard together following

Jessica Ann McCauley's unsuccessful completion of a period of supervised probation which

included her participation in the Henrico Circuit Court drug court docket.

BACKGROUND

Under settled principles, we state the facts in the light most favorable to the

Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472-73

(2018). In February 2009, the trial court convicted McCauley in case number CR09-517 (CR09)

of distribution of cocaine as an accommodation, in violation of Code § 18.2-248, and sentenced

her to three years of incarceration with two years and nine months suspended for a period of five

years, conditioned upon her good behavior and successful completion of supervised probation.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In June 2011, the trial court found McCauley in violation of the terms of her suspended sentence, revoked and resuspended the sentence, and referred her back to supervised probation. In June 2011, McCauley was convicted in case number CR11-1456 (CR11) of forging a public record, in violation of Code § 18.2-168. She was sentenced to two years of incarceration with one year and six months suspended for a period of ten years, conditioned upon successful completion of supervised probation.

On October 9, 2013, the court found McCauley in violation of her probation on the CR11 charge and revoked and resuspended the entirety of her sentence for a period of five years, conditioned upon supervised probation. By order entered on January 3, 2014, the court found McCauley in violation of her probation on the CR09 charge and revoked and resuspended her sentence on the condition that she be placed on supervised probation and successfully complete drug court.[1] On December 30, 2019, McCauley overdosed on narcotics, necessitating medical treatment. On February 19, 2020, McCauley was found in violation of her probation in both the CR09 and CR11 cases. At the hearing on the violation, McCauley requested the opportunity to participate in drug court. On March 26, 2020, the trial court sentenced McCauley on her earlier probation violations. Acceding to McCauley's request, the court revoked and resuspended the two years and nine months to which McCauley had been sentenced in the CR09 case, as well as the one year and nine months remaining in the CR11 case. The sentences were resuspended for a period of five years, conditioned upon supervised probation and McCauley's successful completion of drug court.

Following her entry into drug court, McCauley provided thirteen consecutive negative screens for drugs and alcohol between April 8 and May 7, 2020. However, she also failed to call

---

[1] Notwithstanding this January 2014 order that McCauley complete drug court, the record does not reflect that she entered drug court until April 2020.

in for curfew twice during that period. As a sanction for the first missed curfew call, McCauley received a warning. For the second, she was instructed to write an essay about the purpose of curfew calls. McCauley was also sanctioned later in May for having an altercation with another drug court participant, for failing to provide a good urine sample for testing, and for failing to daily report. For the last violation, McCauley was sanctioned to four hours of jail time. On June 2, 2020, McCauley overdosed on heroin. In connection with that incident, she was ultimately charged with possession of a Schedule I or II controlled substance in violation of Code § 18.2-250. McCauley was sanctioned to one week in jail per the drug court detox protocol. However, on June 5, 2020, prior to serving her sanction, she tested positive for cocaine, fentanyl, morphine, and buprenorphine. Due to the new pending charges acquired following her June 2 overdose, McCauley was placed on the show cause docket to reassess her participation in the drug court.

On March 25, 2021, the trial court conducted a revocation hearing to consider McCauley's termination from drug court. At the hearing, the Commonwealth introduced a July 16, 2020 letter from McCauley's probation officer, detailing her difficulties with substance abuse and the above-described maladjustment to the drug court program, culminating in the June 2, 2020 overdose. Officer Amber Malizia of the Henrico County Police Department testified regarding the June 2, 2020 heroin overdose. On June 2, 2020, Officer Malizia drove to a hotel to conduct a "welfare check" after staff reported knocking on the door of a locked guestroom without any response. Officer Malizia forced entry into the room to discover McCauley on a bed, "halfway dressed," "unconscious and barely breathing," with syringes and cocaine lying on an adjacent bedside table. Officer Malizia restored McCauley to consciousness by administering Narcan to "reverse[] the effect of opioids." McCauley's reaction to Narcan was consistent with

"a response to an opioid overdose." Police arrested McCauley and charged her with possession of a Schedule I or II substance.

During the revocation hearing, McCauley objected to the certificate of analysis of the narcotics retrieved from the hotel during the overdose incident, arguing, "I'd just object to [the lab report] for purposes of the probation violation. I think the [c]ourt has already ruled on that matter."[2] The trial court overruled the objection, holding that the certificate of analysis was relevant "as to the show cause of [McCauley] being in the presence of drugs."

At the conclusion of the Commonwealth's evidence, the trial court found McCauley had violated the terms of her suspended sentences. During argument at sentencing, McCauley proffered, without objection, that the felony drug charge from the overdose incident was ultimately dismissed and argued that the court should, therefore, disregard it. McCauley further contended that the new charges constituted the "primary reason for her discharge" from drug court. The trial court rejected McCauley's argument, stating that the "main reason" she was discharged from drug court was her positive drug screen on June 5, 2020. In response to McCauley's subsequent argument that the positive drug screen was likely the result of residual drugs in her body from the prior overdose rather than any additional drug consumption, the trial court observed, "That may be, some say no especially with the cocaine three days later."

In allocution, McCauley thanked Officer Malizia for saving her life and stated that her overdose was "an eye-opening experience." McCauley stated that she had been in an "addict's mindset" and had not "really been living." She stated that she wanted to "live in recovery" and "be clean." She also thanked the court for giving her the "opportunity to be in . . . drug court."

_____

[2] Although the record does not reflect the ultimate disposition of the possession of controlled substances charge stemming from the June 2, 2020 overdose, both parties acknowledge on brief that McCauley was acquitted of that offense.

- 4 -

The trial court revoked the full balance of McCauley's suspended jail time in each case, imposing two years and nine months on the CR09 cocaine distribution as an accommodation conviction and nine months on the CR11 forgery conviction. The trial court found that McCauley was originally placed into drug court because of a previous overdose, that within sixty days of starting drug court she overdosed again, and that McCauley had "appeared six different times on a show cause" and only once received active jail time. Finally, the trial court found that McCauley "talk[ed] a good game" but had "never done a thing toward getting the treatment and the help" she required and that "to repeat what [the court has] done the last six times would . . . make no sense whatsoever."

ANALYSIS

On appeal, McCauley challenges on double jeopardy grounds the court's imposition of punishment on the probation violation notwithstanding that she had already been sanctioned for the same behavior as part of the drug court program. She alleges on the same grounds that the court erred by considering evidence of a crime for which she had been acquitted. McCauley further argues that the sentence imposed for her probation violations "was not commensurate with the facts of the case."

In addition to the above assignments of error, which came to this Court via McCauley's petition for appeal, this Court, in its per curiam order granting this appeal, directed the parties to address the following four-part question:

> A. Whether, in Circuit Court Case No. CR09-517-05F, there was any suspended sentence for the trial court to impose at the revocation hearing held on March 25, 2021, when, in Circuit Court Case No. CR09-517-03F, by order entered May 7, 2014, the trial court revoked and resuspended [McCauley's] entire suspended sentence for a *period of four years*.
>
> B. If there was no suspended sentence for the trial court to impose in Circuit Court Case No. CR09-517-05F, whether the trial court had the jurisdiction, power, and authority to hold the revocation

hearing on March 25, 2021[,] in Circuit Court Case No. CR09-517-05F, and whether the trial court had the jurisdiction, power, and authority to enter the final order dated March 29, 2021[,] in Circuit Court Case No. CR09-517-05F.

C. If the trial court lacked the jurisdiction, power, or authority to hold a revocation hearing and impose a sentence in Circuit Court Case No. CR09-517-05F, whether this has any impact on the revocation and sentencing in Circuit Court Case No. CR11-1456-05F, which occurred during the same hearing on March 25, 2021, and is recorded in the same final sentencing order entered March 29, 2021.

D. Whether review of the issues in Parts A, B, or C is barred by Rule 5A:18 or any other Rule of this Court.

A. McCauley's double jeopardy argument is barred by Rule 5A:18.

On appeal, McCauley argues that the trial court violated her Fifth Amendment protection against double jeopardy during her revocation hearing by admitting evidence of a drug charge that was previously dismissed and for which she had already been punished. Specifically, McCauley contends that by admitting the certificate of analysis from the dismissed drug charge, the trial court "accepted evidence of a previously litigated matter," thereby violating her double jeopardy right to freedom from successive prosecutions for the same offense. Further, McCauley asserts that the trial court violated her double jeopardy protection against multiple punishments for the same offense by "punish[ing] her again in the form of a separate and distinct show cause" for the same conduct for which she was sanctioned by the drug court with one week of incarceration.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Accordingly, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (quoting *Ohree v. Commonwealth*,

- 6 -

26 Va. App. 299, 308 (1998)).  "Rule 5A:18 applies to bar even constitutional claims."  *Id.*

(quoting *Ohree*, 26 Va. App. at 308).  "Specificity and timeliness undergird the

contemporaneous-objection rule [and] animate its highly practical purpose."  *Bethea v.*

*Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App.

351, 356 (2011)); *Brown v. Commonwealth*, 279 Va. 210, 217 (2010).  "Not just any objection

will do.  It must be both specific and timely—so that the trial judge would know the particular

point being made in time to do something about it."  *Bethea*, 297 Va. at 743.

The record demonstrates that McCauley did not raise the double jeopardy argument she

now presents on appeal.  She did not object to the introduction of the probation officer's July 16,

2020 letter detailing her noncompliance with the terms of probation and the drug court

agreement, and she did not object to Officer Malizia's testimony regarding the June 2, 2020

overdose.  McCauley's objection to the admissibility of the certificate of analysis for the drugs

recovered from the hotel following her overdose included nothing more than a vague reference to

a previous ruling from the trial court:  "I'd just object to that for the purposes of the probation

violation.  I think the [c]ourt has already ruled on that matter."  Regarding her prior drug court

sanction, McCauley merely remarked, upon inquiry of the court whether she intended to present

evidence:

> No, [Y]our Honor, only by way of comment regarding evidence in
> that for purposes of the show cause violation, the evidence being
> presented today is obviously that of an overdose for Ms. McCauley
> and I would just call the [c]ourt's attention to the July 16th letter
> that per that letter my interpretation of that is that as a result of that
> overdose, she received a sanction June 5th. . . .  Of one week in jail.

Such vague references, however, do not constitute *specific* and *timely* objections that

admitting the evidence would violate McCauley's right against double jeopardy.  Nor do they

constitute specific and timely objections that imposing punishment for the probation violations

after previously sanctioning McCauley for violating the drug court agreement would violate her

right against double jeopardy. Moreover, appellate courts "will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*) (citing *Floyd v. Commonwealth*, 219 Va. 575, 584 (1978)). As the record before us is devoid of any specific objection, argument, or ruling addressing a double jeopardy claim, Rule 5A:18 bars our consideration of this argument. *Williams v. Commonwealth*, 57 Va. App. 750, 767-68 (2011) (holding that failure to make a pretrial motion to dismiss on double jeopardy grounds as required by the applicable statute resulted in a waiver under Rule 5A:18).

B. Any error in concluding that the drugs detected in McCauley's system on June 5, 2020, were distinct from those present when she overdosed on June 2, 2020, is harmless.

McCauley further contends that the trial court abused its discretion by "drawing scientific conclusions not supported by any evidence." She argues that "without receiving any scientific evidence to support its decision," the trial court erroneously rejected her claim that drugs detected in her system on June 5, 2020, were residual from her overdose three days prior. The record, however, does not support McCauley's argument. Rather, the trial court acknowledged that McCauley's claim that the drugs detected in her system were from the overdose "may be" correct. Regardless, we need not address the merits of this argument because any error the trial court may have committed in drawing improper inferences from the evidence was harmless.

"Under the harmless error doctrine, if there was 'a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.'" *Shifflett v. Commonwealth*, 289 Va. 10, 12 (2015) (quoting Code § 8.01-678). If "the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand." *Lienau v. Commonwealth*, 69 Va. App. 254, 270 (2018) (quoting *Clay v. Commonwealth*, 262 Va. 253, 260 (2001)), *aff'd upon reh'g en banc*, 69 Va. App. 780 (2019). Under those principles, we have

held "[a]n error is harmless '[i]f other evidence of guilt is so overwhelming and the error insignificant, by comparison,'" that we can conclude that "the error did not have a substantial effect on the verdict." *Hillman v. Commonwealth*, 68 Va. App. 585, 601 (2018) (quoting *Angel v. Commonwealth*, 281 Va. 248, 268 (2011)).

It is well established that a "court may, for any cause deemed by it sufficient which occurred at any time within the probation period . . . revoke suspension of sentence and any probation." Code § 19.2-306. *Patterson v. Commonwealth*, 12 Va. App. 1046, 1048 (1991). A revocation of a suspended sentence must be based on reasonable cause, *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960), but a court has broad discretion in making such a determination, *Hamilton v. Commonwealth*, 217 Va. 325, 326 (1976). Furthermore, "an alleged violation upon which revocation is based need not be proven beyond a reasonable doubt." *Id.*

Completion of the drug court program was a special condition of McCauley's suspended sentences on each underlying conviction. Regardless of the basis for her discharge from drug court, be it the accrual of a new felony charge, her life-threatening overdose, or the positive drug screen, the fact remains that McCauley did not successfully complete the program. That fact furnished the trial court with "reasonable cause" to find McCauley in violation of an express term of her suspended sentences. *Marshall*, 202 Va. at 220. Accordingly, given the above circumstances, the record demonstrates that any error the trial court committed was harmless to the ultimate result. *Lienau*, 69 Va. App. at 269.

C. McCauley's assignment of error pertaining to the length of sentence imposed on the probation violation is waived pursuant to Rule 5A:18.

McCauley next argues that the trial court "imposed a sentence that was not commensurate with the facts of the case." While acknowledging the Supreme Court precedent that a sentence will not be overturned as an abuse of discretion so long as the punishment imposed does not exceed the statutory maximum, *Abdo v. Commonwealth*, 218 Va. 473 (1977),

McCauley nevertheless maintains that precedent is "untenable" as it prevents meaningful review of "unnecessarily harsh sentences."

McCauley failed to make this argument to the trial court at sentencing and thus has not preserved it for appeal. She urges this Court to consider its merits pursuant to the ends of justice exception to Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). Further, "[i]n order to avail oneself of the exception, [McCauley] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Holt*, 66 Va. App. at 210 (quoting *Redman*, 25 Va. App. at 221).

Conceding that "[w]e have held in numerous cases that when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion," *Abdo*, 218 at 479, McCauley nevertheless asks this Court to hold that the trial court abused its discretion when it imposed a two-year-and-nine-month active sentence. "'[W]e are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Thus, we lack the authority to grant McCauley the relief she seeks. Moreover, under the doctrine of interpanel accord, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or

by a decision of [the Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment." *Hutton v. Commonwealth*, 66 Va. App. 714, 724 n.5 (2016) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73-74 (2003)). Thus, we decline McCauley's invitation to discard established precedent.

The record establishes that the trial court had sufficient cause to revoke McCauley's suspended sentences based on her accrual of the new drug charge, failure to obey her probation officer's instructions to participate in substance abuse treatment, and continued use of narcotics which resulted in a near fatal overdose. Upon finding that McCauley had violated the terms of her probation, the trial court was obligated to revoke the suspended sentences as they were in "full force and effect." Code § 19.2-306(C)(ii). The trial court was permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) (holding that the imposition of the appellant's entire twenty-five-year suspended sentence based on two misdemeanor probation violations was proper and noting that "upon revocation of the suspended sentences, the defendant is punished in accordance with a previously imposed sentence not for the conduct prompting the revocation but for his commission of the original crime"). In making that determination, it was within the trial court's purview to weigh McCauley's mitigating evidence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Because, as noted, *supra*, the evidence supported the trial court's finding that McCauley violated the terms of her probation and suspended sentences, McCauley has failed to demonstrate that a manifest injustice occurred when it ordered her to serve the entirety of her previously suspended sentences. As such, the ends of justice exception does not apply to these circumstances.

D. Because the trial court revoked and resuspended McCauley's suspended sentence in the CR09 case on April 26, 2020, when it ordered her into drug court, there existed a suspended sentence in that case for the court to revoke and impose on March 25, 2021, McCauley cannot now collaterally attack the April 26, 2020 order.

In response to our question in the per curiam order granting this appeal, McCauley asserts that the trial court erred in imposing the two-year-and-nine-month suspended sentence in the CR09 case because on May 7, 2014, it had resuspended that sentence for a period of four years, which had expired by the March 25, 2021 revocation at issue here. By extension, McCauley argues the trial court erred in revoking and resuspending her sentence in the CR09 case by order entered on April 7, 2020, as the four-year period of suspension had already elapsed at that time too.

McCauley argues the revocation and resuspension of her sentence in the April 7, 2020 order "was not valid as the court lacked the jurisdiction to extend her suspended sentence." Relying heavily on this Court's holding in *Wilson v. Commonwealth*, 67 Va. App. 82 (2016), *abrogated by Cilwa v. Commonwealth*, 298 Va. 259 (2019), McCauley argues that the trial court "lacked 'active' jurisdiction over [her] when it extended [her] probation in its [April 7, 2020] order." *Id.* at 93. Consequently, she asserts that she "may collaterally attack" the 2020 order extending the period of suspension.

McCauley acknowledges that she did not object to the revocation of her suspended sentence at either the March 26, 2020 hearing or the March 25, 2021 hearing, on the ground that the period of suspension had expired; rather, she asks this Court to apply the ends of justice exception. We decline to do so and note that in making this request McCauley conflates the ends of justice exception with the void *ab initio* concept. If the orders extending McCauley's term of probation were void *ab initio*, as she argues, they could be attacked at any time; it would not be necessary to invoke the ends of justice exception.

McCauley's reliance on *Wilson* in support of her attempt to collaterally attack the April 7, 2020 order is misplaced. In *Cilwa*, which abrogated this Court's holding in *Wilson*, the Supreme

- 12 -

Court addressed whether a court could, by agreement, extend the period of a probationer's suspended sentence after the period of suspension had expired. *Cilwa*, 298 Va. 259. In that case, the defendant was sentenced to one year of supervised probation. *Id.* at 263. Before that year had fully elapsed, Cilwa "execut[ed] a letter prepared by her probation officer stating that she 'agree[d] to voluntarily extend [her] probation indefinitely beyond the scheduled termination date . . . in order to complete inpatient substance abuse treatment and to allow time for disposition of [her] pending felony charge[s].'" *Id.* (all but first alteration in original). Approximately one month after the initial probationary term expired, the court entered an order indefinitely extending Cilwa's probation. *Id.* The court subsequently found Cilwa in violation of her probation and, in its revocation order, reiterated that "Cilwa's 'period of supervised probation [was] extended indefinitely . . . .'" *Id.* at 263 (first alteration in original). Several years and many continuances later, Cilwa was arrested on new charges and, "at the revocation hearing to address her charges, Cilwa argued for the first time that the . . . order imposing indefinite probation was void ab initio." *Id.* at 264.

Rejecting Cilwa's attempt to collaterally attack both the initial order extending her probation, as well as the subsequent revocation order reiterating that extension, the Supreme Court explained that "'whether an alleged error by a trial court renders its order void ab initio or merely voidable turns on the subtle, but crucial, distinction deeply embedded in Virginia law' between two very different but semantically similar concepts: subject matter jurisdiction and, for lack of a better expression, active jurisdiction." *Id.* at 266 (quoting *Jones v.* Commonwealth, 293 Va. 29, 46 (2017)). Although parties can neither waive subject matter jurisdiction nor confer it by consent, "'active jurisdiction' – pragmatically called the 'jurisdiction to err' – involves not the power of the court but the proper exercise of its authority consistent with 'settled principles of the unwritten law' or any applicable 'mandate of the statute law.'" *Id.* (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427 (1924)). "[A]ctive jurisdiction requires a court with subject matter jurisdiction to

adjudicate a case consistent with the law governing that adjudication." *Id.* at 266-67. Because "[a] Virginia court's 'jurisdiction to revoke a convict's probation and suspension of sentence is part of [the] criminal process," the circuit court possessed subject matter jurisdiction to revoke McCauley's suspended sentence. *Id.* at 267 (second alteration in original) (quoting *Green v. Commonwealth*, 263 Va. 191, 194 (2002)).

Code § 19.2-304 confers upon the circuit court the authority to "subsequently increase or decrease the probation period." That statute does not contain a time limitation on the court's authority to increase or decrease the probation period. However, as the Supreme Court explained in *Cilwa*:

> Even if the statute were to contain this implied time limitation, violating it would not deprive a court of its subject matter jurisdiction over the case. Code §§ 19.2-304 and 19.2-306 govern the procedures for the trial court's *exercise* of authority over suspended sentences, probation, and revocation proceedings. Neither statute *grants* a trial court categorical judicial power over criminal cases or their attendant proceedings, and thus, neither can reasonably be read to strip a trial court of subject matter jurisdiction if the court violates those procedures.

*Id.* at 269. The time in which the court exercises its authority to extend a period of suspended sentence implicates a court's active jurisdiction, not its subject matter jurisdiction. Unlike subject matter jurisdiction, "[d]efects in active jurisdiction can be waived . . . [and] are not subject to collateral attack[.]" *Id.* at 270-71 (citing *Jones*, 293 Va. at 47-48; *Hicks ex rel Hicks v. Mellis*, 275 Va. 213, 219 (2008)). As such, although McCauley was "free to advocate on direct appeal for strict compliance with the" period of suspension when the court initially extended it beyond the four years by order entered on April 7, 2020, she may not rely on that extension as a basis for a collateral attack. *Id.* at 270. Because McCauley cannot now challenge the April 7, 2020 order extending the period of her suspended sentence, there was a suspended sentence on the CR09 charge for the court to revoke on March 25, 2021.

- 14 -

We further note that although *Cilwa* dealt with an agreed extension of probation, the revocations at issue in this case followed stipulations by McCauley's counsel. McCauley did not object to the court's authority to revoke and resuspend her sentence at that time, stipulated to the facts supporting the violation, and, at McCauley's own request, she was evaluated for and accepted into the drug court program. McCauley "accepted the benefit of the court's suspension of sentence," as well as the opportunity to participate in drug court. *Simmers v. Commonwealth*, 11 Va. App. 375, 379 (1990). Because McCauley cannot collaterally attack the orders extending the period of suspension, waived any objections to the court's authority at that time, and accepted the benefits offered by the court, she has not shown that a miscarriage of justice has occurred. Therefore, this assignment of error is barred by Rule 5A:18.

## CONCLUSION

The trial court acted within its authority when it revoked McCauley's suspended sentences. Any error in considering the scientific evidence at the revocation hearing was harmless. All of McCauley's other assignments of error were waived and barred from consideration by Rule 5A:18. We, therefore, affirm the judgment of the trial court.

*Affirmed.*