UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Raphael and Lorish

CHARLES HENRY AUSTIN, III,

v.      Record No. 0982-21-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 26, 2022

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

(Gowri Janakiramanan, Assistant Public Defender, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; Maureen E. Mshar, Assistant
Attorney General, on brief), for appellee.


Charles Henry Austin, III ("appellant") pled guilty to one count of abduction with intent to

defile and one count of use of a firearm in the commission of a felony.  On appeal, appellant

contends the trial court abused its discretion in imposing a total active sentence of eighteen years'

incarceration "because it failed to take the substantial mitigation evidence that was presented into

appropriate consideration."  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).  This Court affirms the trial court's decision.

BACKGROUND

"The evidence is considered in the light most favorable to the Commonwealth, as the

prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).  Following

appellant's guilty pleas, the Commonwealth proffered the following evidence to the trial court:

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On the evening of August 30, 2019, the victim went to a vape shop in Stafford County and began speaking with appellant, an employee of the vape shop and the only other person in the store. Appellant closed the store after the victim indicated she was alone and not waiting on anyone. Appellant told the victim he could not find the product she requested and began looking for it in the back of the store. He first asked the victim to look for the product in another room in the store and then asked her to look in the room to see if his cell phone was there. When the victim looked around the corner into the room, appellant grabbed her from behind, put his hand over her mouth, and told her not to scream. Appellant placed the victim on her back and straddled her on the floor as she kicked and scratched him and tried to scream. Appellant pulled a firearm from a holster at his side and placed it against her head. Appellant kicked apart the victim's knees, told her to stop screaming, and demanded that she remove her clothes. Appellant also warned her not to fight him or "it will be bad."

The victim asked appellant how she could be sure that he would not kill her, and appellant responded, "Because my life is over either way." The victim told appellant that his life did not have to be over, "that he had not done anything yet," and that "he didn't have to follow through with this." Appellant, still on top of the victim, began to cry and placed the gun back in its holster. The victim assured appellant she would not call the police if he promised that "he would never do this to anyone ever again." The victim slid herself out from underneath appellant, collected her shoes and phone, and left the store. She then drove to a nearby pharmacy and called the police after her mother and friend urged her to do so.

Meanwhile, appellant left the vape shop and then returned. When the police arrived at the shop, appellant approached them in his vehicle and said, "I'm the one you're looking for." He admitted to the attack and told the police he had gone home and contemplated suicide. He told the police he took his gun apart and put the pieces in different areas in the back of his car. After

- 2 -

obtaining appellant's consent to search his car, the police recovered a disassembled semi-automatic pistol.

The police arrested appellant, transported him to the sheriff's office, and advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). In a recorded interview with the police, appellant admitted he was on top of the victim "[t]o sexually assault her, I guess."

As provided in his written plea agreement with the Commonwealth, appellant pled guilty to one count of abduction with intent to defile and one count of use of a firearm in the commission of a felony.[1] The trial court engaged in a plea colloquy with appellant, during which appellant acknowledged the court could impose a sentence of lifetime incarceration and a fine of $100,000 for the abduction charge and a mandatory sentence of three years' incarceration for the charge of using a firearm in the commission of a felony. The trial court accepted appellant's guilty pleas and convicted him of both charges.

At the sentencing hearing, the victim, who was an actress, testified that the incident affected her professionally and psychologically. She discussed how difficult it was for her to be near fans. She also revealed she had a role in a movie in which her character was kidnapped, but after the attack, she had "a full on mental breakdown" on the movie set, forcing production to stop. The victim purposefully made herself unattractive and gained weight so that she would not be targeted in the future. This resulted in her "losing job opportunities and losing pretty much everything." The victim and her mother testified about how the attack affected the victim's daily life and her experience with night terrors, anxiety attacks, sleep paralysis, and extreme depression. The victim admitted herself for inpatient hospitalization, during which she was diagnosed with post-traumatic stress disorder, "social anxiety, extreme social anxiety, generalized anxiety," and depression. After her release, she continued mental health treatment.

---

[1] Appellant and the Commonwealth did not have an agreement on sentencing.

Appellant offered evidence about his relationship with his neighbors, friends, and family, who described him as helpful and not a threat. Appellant also submitted evidence that he had planned to care for his father after his father's back surgery by taking a leave of absence from work and helping him with household duties.[2] Appellant's father wrote a letter, stating that appellant was "very remorseful" for his conduct and "prays that the victim forgives him."[3]

Appellant proffered that he previously applied to the Stafford County Sheriff's Department and passed a written and physical test but did not pass panel review. Appellant submitted into evidence his degree and certificate in the Administration of Justice from Germanna Community College, his Certificate of Induction to the Phi Theta Kappa Honor Society, and United States Army discharge paperwork.

At the conclusion of the evidence, the Commonwealth asked the trial court to sentence appellant to a total of fifty years' incarceration, with eighteen years suspended.[4] Appellant, by contrast, requested seven years' incarceration. During allocution, appellant noted his role in destroying the lives of the victim and her family as well as his own friends and family. Appellant relayed that he hated himself for his conduct and that he would do anything to take back what he did. Additionally, he conceded his apologies were not enough to undo the damage he caused and that he "should live with this."

After hearing all the evidence and argument, the trial court considered appellant's lack of criminal history, his previous attempts to serve in the United States Army and the Stafford County

---

[2] Appellant proffered that on the night of the attack, he was working his last shift before taking his leave of absence.

[3] Appellant's father passed away on July 12, 2021.

[4] The discretionary sentencing guidelines provided for an active sentencing range of four years and one month to twelve years and four months, with a midpoint of eight years and three months.

Sheriff's Department, and his success in completing college and maintaining employment. The trial court noted that appellant showed remorse, cooperation, and responsibility for his actions by turning himself in, confessing, and pleading guilty. It considered the compassion and aid appellant provided to his friends and family.

In addition to considering the mitigating evidence, the trial court also examined how the attack impacted the victim, her career, and her mental wellness and found that the impact was "significant, if not devastating." The trial court noted the need for punishment in this case and raised its concern about appellant's propensity to commit crimes in the future. The trial court sentenced appellant to a total of forty-three years' incarceration, with twenty-five years suspended, and ordered appellant to register with Virginia's sex offender registry.

This appeal followed.

ANALYSIS

Appellant argues the trial court abused its discretion by imposing a total active sentence of eighteen years because the trial court afforded "very little weight" to the "considerable mitigation evidence" presented. Additionally, appellant avers the trial court abused its discretion by sentencing appellant to an "active period of incarceration in significant excess of the top end of [the discretionary sentencing] guidelines."

This Court "review[s] the [trial] court's sentence for abuse of discretion." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). A court abuses its discretion when "a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (quoting *Landrum v. Chippenham & Johnston-Willis*

*Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

By statute, a trial court must "consider the sentencing guidelines before sentencing [the defendant] and . . . file with the record of the case a written explanation of any departure from the indicated range of punishment." *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007) (citing Code § 19.2-298.01(B)).[5] However, "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

Although the trial court must "review and consider the suitability of the applicable discretionary sentencing guidelines," Code § 19.2-298.01(A)(ii), those guidelines are "discretionary, rather than mandatory," *West*, 273 Va. at 65. "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. And they "rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

It is within a trial court's purview to weigh the mitigating evidence appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Here, the trial court imposed its sentence after weighing the mitigating and aggravating evidence offered by the parties. The court explicitly cited appellant's lack of a criminal history, his education and employment history, and his attempts to serve in the United States Army and the Stafford County's Sheriff's Department. The trial court also found that appellant took responsibility and displayed remorse for his actions by cooperating

---

[5] The requirement for a written explanation of any departure from the guidelines applies to "any felony case, other than Class 1 felonies." Code § 19.2-298.01(B).

with law enforcement and pleading guilty. The trial court weighed this evidence against how the attack impacted the victim, her career, and her mental health. It discussed that the incident resulted in the victim's hospitalization. After considering the discretionary sentencing guidelines, the trial court gave a written explanation that it would depart from the guidelines because of the attack's negative effects on the victim. Balancing all these factors, the trial court imposed a sentence it deemed appropriate, which was within the ranges set by the legislature. *See* Code §§ 18.2-10, -48, -53.1.

As required, the trial court "consider[ed] the sentencing guidelines before sentencing . . . and . . . file[d] . . . a written explanation" of its departure from the guidelines. *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)). And since the sentence fell within the statutory range, this Court's review stops there. *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).[6]

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.[7]

*Affirmed and remanded*.

---

[6] This Court declines appellant's invitation to deviate from the rule set forth in *Minh Duy Du*, 292 Va. 555, as this Court is bound by both its own precedent under the inter-panel accord doctrine and the decisions of the Supreme Court of Virginia. *See Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)).

[7] The Court notes that the final sentencing order in this case erroneously reflects that appellant was found guilty of shooting in the commission of a felony under Code § 18.2-53 while the indictment and plea hearing transcript indicate that the trial court found appellant guilty of the use of a firearm in the commission of a felony under Code § 18.2-53.1. Accordingly, this case is remanded to the trial court for the sole purpose of amending the final order to reflect that appellant was found guilty of the use of a firearm in the commission of a felony under Code § 18.2-53.1. *See* Code § 8.01-428(B) (allowing the trial court to correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission").